15303, United States of America v. Ralph A. Rohner. Arguments shall be 15 minutes per side. Mr. Lynch for the appellate. Good morning. You may proceed. I know you're going to make your arguments from the table. You want to reserve more time for your rebuttal than for your main argument? Normally we have you reserve equal or less time for the rebuttal than your main argument. I have documents that are actually in the record. I was going to just make them available now, but they're in the record already, so that the Sonoma Court can easily refer to them in my argument, as opposed to leaving them to the documents. Have you shown those to your opposing counsel? Do you have any objection to him doing that? Maybe the clerk could facilitate that. I'll start going, so I won't waste all my time. Just one moment, please. Thank you, opposing counsel. These documents are already in the reply brief. Where are they in the record, as opposed to in the reply brief? I'm sorry, the exhibits are in the reply brief. I am asking direction to Exhibit C and Exhibit D for this reason. This is a statute of limitations case and a discovery case. Just one moment, please. Would you turn on the light, and you may proceed. I can see the light. All right, go ahead. This is a statute of limitations case and a discovery case. First, I'll go to the statute of limitations part. What you have before you is Exhibit C from the government, which is incomplete and inaccurate. Exhibit D is from the appellate, which is complete and accurate. What is missing in the government exhibit is the year 1998, which is the year of the original assessment pursuant to Internal Revenue Code 6201. Every return has to be originally assessed. The government is going to say, no, that's a substitute return. Therefore, you don't start and trigger the monetization period. But that's improper. The law is when you have an original assessment called substitute return or whatever you label it. It is the beginning of the monetization period. 1998, big as life in Exhibit D. But you notice the columns are missing in Exhibit C, which we got from the government. So we're asking, and I'm not blaming the government. I'm saying the secretarial error or whatever. But then we presented to the court the law of Exhibit D and the 680B motion to say, Your Honor, we now have the accurate, complete, and accurate exhibit. Exhibit D, again, is from the appellate. Exhibit C, they're both two pages. Counselor, you have these issues set out in your brief. Can you tell me which issue you are addressing at the moment? I picked it out, too, because there's so many. I just thought I should reserve time because of the time problem. No, I just want to know what issue are you addressing at the moment? Number one is the statute of limitations issue. And number two will be the deferred issue. All right. And I'm asking this Honorable Court to look at your 1998th year of the original assessment as is very clear in Exhibit D from the appellate. And then 10 years on to that is the limit for filing in a collections case. They missed it, even adding on two years. I mean, 22 months, which they did a legal suspension of the time based on a CDP hearing. So you went into 2010, but that's where the limitation stops. They didn't file until October 2012, so they missed the limitation period by two years. It's a simple fact, at least in law school, it's a no-brainer. They missed it by two years. It should be dismissed. They claimed it got extended some way. Is that not true? They were able to get 22 months because under the law, when you have a CDP collection due process hearing, you're allowed to do that. We understand that. You agree with that? You agree with that? Well, actually, one of our errors is that there were so many errors in the CDP hearing that it shouldn't be counted. And that we didn't. But I do want to go off on a tangent. That is another one of our errors, which we have before the court. But even arguably, when we accept that, then it still gets them only into the year 2010. And they missed it by two years, their filing in October 2012. The judge below did not understand that in our CDP. Once we realized and we had the Exhibit D to give to the judge, she said, no, we know we're going to have jurisdiction. We won't hear it. And we asked the Sonoma Court, through a 62.1 motion, to put it back to the judge. And for whatever good reasons, this court said no. And judicial economy would mean that we do rule on CDP hearing. Instead of throwing it back again, we don't have to file again to show the court that they erred because she considered the improper Exhibit C from the government, which deleted that column showing the original assessment. The original assessment is when you trigger the date for the limitation period. That is the basis of our limitation argument. Number two argument is discovery. This case is a tax case. But I've asked the Sonoma Court to look at this like any other discovery matter in any other civil litigation. Rule 26 says, quote, reasonably calculated to lead to admissible evidence, close quote, that is so written in stone and so strong in the law, but the judge below totally missed it and said, well, it's irrelevant and it's speculative. Both the judge and the magistrate below used those words and would love to respect them, but they have no right to for the simple reason that Rule 26 is so broad that even in the advisory notes to Rule 26, the advisory notes say, even a fishing expedition, we're just talking about in Kentucky law where fishing expeditions are done all the time. You are allowed a fishing expedition under Rule 26. I'm not talking about informal proceedings in court, but in discovery. And there's good reason for that because that way there's nothing hidden, nobody can play. No. You're talking about the discovery of the deposition of this agent or is this something else? There's a discovery of documents plus the agent, but there are specific seven points mentioned and brought up in the discovery from the agent and deposition. I'd like to just very briefly review this. And I'd ask the son of a court, are these irrelevant? Number one, supplementary documents referred to by the assessment officer. Number two, the working process used and the policies and procedures used by the assessing process. Now, are those irrelevant? This goes to the heart of the assessment process. And yet the court said it's irrelevant, it's speculative. First of all, did the process used by the assessment officer comply with the IRS manual? I'm looking at page 19 to 20 of the magistrate opinion, which was adopted by the court. In addition to that, other records of officers. Were there other records of officers involved? In addition to that, the work products that were used. What work products were gotten from third parties? In these cases, there are all kinds of documents gotten from banks, from former employers, from people. And, in fact, in this case. They didn't show that to you? They didn't show that to us. Well, how do you know where it came from? Well, that's just it. We didn't know. We didn't get the basics of an assessment. This is so basic and funny. Any other case with the IRS case, this discovery would have been broadly granted. Why? Because Rule 26 was specifically written that way. Over the years, it's become more and more liberal, not more and more strict. But, according to the judge, the judge actually used the words, Mr. Lynch, you have to justify to us why you have this. We had a 28-point list of everything that we wanted. Why you want these things. We don't have to justify. If it's, quote, reasonably calculated to lead to relevant evidence. I mean, admissible evidence, close quote. That's all we need to do. And I have great respect for the judge below. But she just dropped the ball in this case and misinterpreted Rule 26. There's, for instance, the realtor report, which is a document the assessing officer would have had. A realtor report under Section 312 of the Internal Revenue Code, which is required to be given to the government. Did the assessing officer look at that? Because if the assessing officer did look at that, he would see that my client had a $250,000 exemption pursuant to the Reform Act of 1997. That's just one element. There's so many other elements. There are accusations of fraud, civil fraud or criminal fraud, that was mentioned in the deposition. We wanted to go down that road and inquire more. The government lawyer at the time said, no, we can't go down that road. Those are relevant and could lead to relevant and admissible evidence. But no, we're not allowed to do that. There are also issues regarding what is called the information return documents. Those are documents that are given to various third parties. Return to the assessing officer. Counselor, can I interrupt you one moment? You're making some broad, sweeping arguments here. You've got two appeals pending and quite a number of taxable years are involved here. When you're making these arguments, you're not indicating what taxable year the arguments pertain to. We're treated differently, but 1996-97 were the big money years. That's why I gave exhibits. We have other exhibits, but I didn't want to complicate things. They're all in the record in all exhibits already. So that's why I'm pointing out 1996-97 in particular. But they're all treated that way. When you got the documents, they were blocked out. That's a statute of limitations argument. But in discovery, Your Honor, I'm again returning to the broad discovery allowed by Rule 26, which in any other civil matter, first century, Mount Peck, you're always allowed to get in it. In fact, there are certain specific cases where the IRS was brought to task on not allowing broad discovery. There's the Percival case, which came out of this district. You're allowed to ask about the assessment officers. Who is he? What's his training? You might even find him in a depot somewhere. You don't have to go down that road. Why in God's green earth would she not allow us to find just basic fundamental stuff? This would never be limited like this in any other civil case. And I can't tell you now. Am I near the end of my seven-year sentence? You're out of time unless you want to take some time away from your rebuttal. I'll just say one more thing. Well, you can't say anything else until your rebuttal. All right. Thank you, Your Honor. Thank you. May it please the Court. Marian Erickson for the United States. This case was brought by the United States against the taxpayer, Mr. Roehner, in order to reduce assessments to judgment. Mr. Roehner was a non-filer, essentially. He's not filed tax returns for many years. And he did not cooperate with the IRS in trying to ascertain what his tax liability was. And so the IRS, as it is entitled to do, took information it had available to it and made assessments against Mr. Roehner. Just by way of background, is this a failure to file based on some political position, or is this just negligence or something like that? On his part, what is his position? Yes. Your Honor, I'm absolutely unclear on why he has not filed his returns. He didn't file at all. Well, he alleges that he did file returns in 1996 and 1997. He did put into the record, rather late in the proceedings, a return for 1997 which contained all zeros but requested, I believe, a $3,000 refund. The IRS doesn't consider that a legitimate return. And even though we can argue whether or not it constitutes a return at all, the statute allows, I believe it's 6020, allows the IRS to file a substitute for return when either the taxpayer does not file a return or files an obviously false or fraudulent return. Under either of those circumstances, the IRS was entitled to file a substitute for return based on the information that it had available to it from third parties as to Mr. Roehner's income. So under those circumstances, the IRS does not have access to all of the information about potential deductions and exclusions, and the law allows the IRS simply to give him the standard deduction and one exclusion. So that is what the IRS did. Now, as I understand Mr. Roehner's argument regarding the assessment date, that pertains particularly to 1996 and 1997. And it's laid out very clearly in the government's briefs below. Those assessments were timely because the 10 years during which the IRS is entitled to start collection proceedings starts from the date of the assessment of the amount of deficiency. And what I think he's arguing with these transaction codes and so on is that it's actually the date that the IRS filed the substitute for return. And if you look at the certificates of assessments and payments, which is the certified copy transcript of his account for each year, you'll see, and they refer to it slightly differently as the, I believe, initial assessment or the filing of the substitute for return, although at one point he did concede that the date of the filing of the substitute for return does not start the statute of limitations running, but I understand him now to be arguing that it does. That's a zero assessment. It does say on their assessment data it says zero, but it makes no sense that you would start the statute of limitations running on a zero assessment because there's no assessment, there's nothing to collect. At a somewhat later date, in fact, for 96 the assessment was made on April 4th of 2001, and for 97 it was made on December 18th of 2000. And if you, I mean, it's all laid out in our briefs, but I'll just briefly go through it. So the suit was filed in October of 2012, and because of the CDP hearing, which added 22 months and 20 days, the statute of limitations would not have expired for 96 until February of 13, and for 97 it would not have expired until November of 2012, and yet we filed it in October of 2012. I don't really think there's a serious question about whether or not the suit was filed in a timely manner with respect to those two tax years, and I don't believe that he's arguing that it was out of time with respect to the other years. As far as the discovery issues that the taxpayer is raising, he was allowed to question Reverend Officer Frazee. He was deposed. They called him as a witness, they questioned him, and they were able to question him on redirect, and only later did they say, wait a minute, we wanted to ask him more questions. Now, Officer Frazee was testifying pursuant to a testimony authorization, which is standard and which is permitted by the statute and by the regulations because an officer or an employee of the United States, when testifying, particularly as to taxpayer information, has to be limited in what they can testify to. If you look at the language of that testimony authorization, it's fairly broad. It limits him essentially to testifying to matters to which he has personal knowledge that may lead to the discovery of admissible information. So it wasn't in any way violating federal rules of civil procedure or in any way curtailing the rights of the taxpayer to obtain relevant information. We strongly dispute. Let me ask you one thing. Your opposing counsel is claiming that the government refused to provide documents regarding the tax assessments on his clients, the records regarding the tax assessment. If that's true, what's the basis for your refusing to do that? Well, Your Honor, I'm not absolutely clear that he requested those documents to tell you the truth, but if you look at the record, I think you'll see that his requests for documents were mostly very vague and very general requests that we need to see, and sort of bordering on the tax defier language of we need to see every regulation and rule and policy that allows you to do this. And the simple truth of the matter is that when someone does not file returns, the IRS is entitled to make these assessments based on available information, and then the burden shifts to the taxpayer to come in and say this is wrong and here's why. I can show you information. He made no effort whatsoever to show that the assessments were incorrect. He simply raised these vague general objections to it and saying no, no, no, and things for which there was no evidentiary support in the record. He's talking about some kind of a sale of a house and exclusion. I mean, there's absolutely nothing in the record about that. Okay, okay, but he's claiming that the government would not furnish him with the documents that it used to arrive at the tax assessment. Why wouldn't you do that? In other words, he's claiming you're not giving him the information he needs to respond to the accuracy of these assessments. Well, first, I'm not sure that he asked for that clearly, but if he did, I think the IRS's response would be, look, this is what we see, and it does show income. This is how much we think that you received, and this is your tax. And so then he has to say, no, I didn't receive that much. Or he has to have, I mean, what more does the IRS really need to do to show this is how much money you earned? If I understand what Judge Clay asked you, he's asking for the underlying documents. Well, what I know he requested, for example, Officer Frazee's work product. That is not something that we have to turn over to a taxpayer because, first of all, this is what I understand it to be. Now, whether he asked for it, I have no idea. But I guess I'm really asking what would be the IRS's normal response. Let's say if you had a W-2, but somebody failed to file, then you could look at the W-2 and see what that income was. Or if you had a copy from a bank of a 1099. Right, exactly. And so that's the information that would underlie the assessment. Would you normally provide that information? I don't see why we wouldn't, although we would also probably assume the taxpayer had that information as well. If a W-2 or 1099 had been issued, they should have had it as well. So I actually don't know the answer to your question, Your Honor. I don't know why we wouldn't share that with a taxpayer, particularly if a taxpayer comes in to cooperate and to investigate. It should be a part of the taxpayer's tax records, but. Right. I don't know the particulars. Perhaps those who choose not to file don't maintain a file folder that says, you know, taxes for a given year. That may be, Your Honor. As far as the second appeal from the denial of post-judgment motions, I just want to note that there were no grounds for, excuse me, relief under Rule 60B. There was no allegation of mistake, inadvertent surprise, or excusable neglect. He essentially based his motions on what he called new evidence, but it was apparently these exhibits here that he claims he found in his own files that he had simply hadn't realized that he had all along. Did he file that motion after the notice of appeal was filed? He filed one of them right before he filed the notice of appeal. He filed another one afterward, and under this court's jurisprudence, the district court lacked jurisdiction to rule on either one of them. Exactly. That was our first argument. And in addition, then he also filed a motion for a state of execution of judgment, but he didn't file a bond, and he didn't aver that he had assets sufficient to satisfy the judgment, and therefore there was no need for filing of a bond, so we felt he didn't meet the requirements for that. We don't think the district court in any way abused its discretion in denying any of those post-judgment motions. Did the court make a ruling on a superseded bond or anything like that? Yes, he denied the motion for state of execution, saying you haven't filed a bond and you haven't met the requirements. So if the court has no further questions, I have nothing else. Apparently not. Thank you. Mr. Lynch, do you have any rebuttal? Absolutely, Your Honor. I take umbrage with the fact that the word generalized request by a tax defiler or whatever the term would be. If this isn't a specific and concrete request for document, then I don't know what is. I refer to a document in the record, document number 41-2 from the district court. Production documents, standard production documents, did you do in every civil case? Could you point us to the part of that document that asked for the information to which Judge Clay referred, which I was asking counsel for the government about? About supporting documents for the assessment? Right, just where would we find that? Just tell us the page in paragraph 9. Your Honor, I will tell you that page 9 of the document number 41-2 is labeled, Thank you for the United States of America's response to the defendant's first request for production of documents. Because I want you to hear their response. Our request, number 24, please produce original or after copies of form 5604 for each year indicated in the government complaint. This is an aside, 5604 is the standard form every tax officer trained by the federal government is using to make an assessment. They fill in blocks, they check blocks, they get documents and they fill it in. They have to use form 5604. You can't get any more concrete than that. What's their answer? The United States objects to this request as it is not required to produce the form 5604 for each year's assessment in the government's complaint. End of story. But that's something other than what Judge Clay was asking you about. And that I was asking about. The underlying documents that the IRS used to prepare the assessments. That's what 5604 does. 5604 has a list of underlying documents from banks. But it's not the underlying documents themselves. No, no, it's not. But those documents we wanted to see. If we were allowed free deposition, we would have found out about what documents were there. If we had gotten 5604, it would have been listed right in front of us. This would have been a free and open discovery. The judge would have said, fine, everyone's gotten everything they need. This used to be called prosecution by ambush. I don't know if that's ever used in this courtroom. Where the prosecution of the government holds all the cards, holds all the papers, holds all the evidence. Defendant can't get anything. Not just in criminal cases, but whenever you're dealing with a government or regulatory agency. They hold all the cards, they got all the evidence. Why are they trying to hide? This is in the middle of, time quote, the Rule 26 litigation. Time quote, time quote. Calculated to lead to admissible evidence. Doesn't have to be in itself admissible. 5604 would certainly be admissible. The name of the assessment officer would certainly be admissible. A deposition of the assessment officer would be admissible. We weren't allowed to go down that road. All of this is so basic to discovery. It's just hard to believe. I don't judge his honor below. But I would ask the Southerville Court to review that same document that he's referring to. Another one is, the police produced the names of each assessment officer and other IRS employee  That's so hard to produce. What they gave us was something called a declaration by a Walter Bailey. Who knows who he is? He was not the assessment officer. He knew nothing about the case. We wanted first-hand information which we could present as first-hand evidence to the court. I would also ask in the same document, I won't go through the whole document. Just to show we're concrete here. We're not like generalized tax defiers. We're asking for specific documents. And me, as a member of the bar, I'm ethically required to not ask for things that are frivolous. But I would remind the Southerville Court, I don't know how much time I have, but I'm going to say The advisory notes to Rule 26 says specifically as big as life. Fishing expedition, go ahead, go for it. You can go fishing. We didn't even need to do that because we did it. Very concrete questions. So I'd ask the Southerville Court to look at our list of 28 points. We wanted to ask to the agent and also to see the response of both, God bless them, the magistrate and the judge. They used the words speculative and non-relevant. If they're saying the assessing officer is irrelevant, then I'm Santa Claus. I mean, that's so out of bounds. So I have nothing else, Your Honors. I just ask that Rule 26 be followed and that the limitations be observed. Any other questions from the Court at this point? Apparently not. Does that complete your argument, Mr. Lynch? Okay, thank you very much. The case will be submitted. And the remaining case being on the brief.